JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY JOHNSON and LINDA RODRIGUEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>GARY SORENSEN, MARINA SORENSEN, and DOES 1 TO 10,<br><br>    Defendants. | Case No. SA CV 15-1267 AG (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On August 7, 2015, Justin Graham ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*.[1] [Dkt. Nos. 1, 3.] The Court has denied the latter

---

[1] Graham is not named in Plaintiffs' state court action. [*See* Dkt. No. 1 at 6.] However, Graham's stated address is identical to that of the property at issue. [*See* Dkt. No. 1 at 1, 6.] Accordingly, the Court infers that Graham is one of the Doe Defendants named in the Complaint. [*See* Dkt. No. 1 at 6.]

1

application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiffs could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and so removal is improper. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiffs' unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Plaintiffs' complaint for unlawful detainer alleges a cause of action arising under the laws of the State of California. [*See* Dkt. No. 1 at 6-8.] In the Notice, Defendant claims that he withheld rent in response to Plaintiffs' alleged violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* (Notice at 2.) However, the FHA does not appear on the face of Plaintiffs' well-pleaded complaint, and thus may not serve as a basis for federal-question jurisdiction. [*See* Dkt. No. 1 at 6-8]; *see also Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

//
//
//
//
//

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, North Justice Center, 1275 North Berkeley Avenue, Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: August 14, 2015

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE